IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANNETTE CHAPMAN,                )
                                )
            Plaintiff,          )
                                )
     v.                         )    No.  05 C 929
                                )
AMTRAK,                         )
                                )
            Defendant.          )

## MEMORANDUM ORDER

Annette Chapman ("Chapman") has filed a Complaint against Amtrak,[1] asserting that federal jurisdiction exists to deal with her personal injury claim on diversity of citizenship grounds. But because Chapman's counsel, obviously a state court rather than federal court practitioner, has failed to present any of the required jurisdictional allegations in proper form, this memorandum order directs counsel to file an appropriate amendment to the Complaint forthwith.

To begin with, Complaint ¶1 identifies Chapman's Illinois residence, even though her state of citizenship is obviously the relevant fact for diversity purposes. As our Court of Appeals teaches (Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996)):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled

---

[1] "Amtrak" is defendant's commonly-used nickname, rather than its actual corporate name.

that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

Next, although Complaint ¶2 alleges that Amtrak is "Federally owned," such ownership does not necessarily coincide with its place of incorporation, which is one of the dual components of corporate citizenship under 28 U.S.C. §1332(c). Hence Complaint ¶2 must also be amended in an appropriate fashion.

Finally, Chapman's attorney has framed the prayer for relief in terms of "actual damages in excess of fifty thousand dollars," which clearly does not track the requisite jurisdictional amount in controversy under 28 U.S.C. §1332(a). Thus counsel is batting 0 for 3.

Despite the usual rule that three strikes are out, this Court has no desire to conform to our Court of Appeals' directive in the Guaranty Nat'l and Held cases and thus to stick Chapman with the payment of another $250 filing fee. Instead leave is granted to file an appropriate amendment to the Complaint in this Court's chambers on or before February 25, 2005, failing which this Court would be constrained to dismiss this action for lack of subject matter jurisdiction.

At the same time, there is no reason that Chapman should pay for counsel's procedural errors identified in this memorandum order. Accordingly no charge is to be made to Chapman by her counsel for the added work and expense incurred in correcting

2

those errors. Chapman's counsel is ordered to apprise his client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                                  _____
                                                                  Milton I. Shadur
                                                                  Senior United States District Judge

Date: February 17, 2005